IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

Bernard Crawford,

(Enter the full name of the plaintiff.)

v.

Case No. CIV-23-668-PRW
(Court Clerk will insert case number)

**FILED**

JUL 3 1 2023

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

(1) Regina Lawson, Parole Investigator of OPPB
(defendant)
(2) Steve Bickley, Executive Director of OPPB
(defendant)
(3) Hon. Richard A. Miller Hastings Siegfried, Chairman of OPPB
(defendant)

(Enter the full name of each defendant. Attach additional page of defendants
additional sheets as necessary.)

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

Initial Instructions

1. You must type or legibly handwrite the Complaint, and you must answer all questions concisely and in the proper space. Where more space is needed to answer any question, you may attach a separate sheet.

2. You must provide a full name for each defendant and describe where that defendant resides or can be located.

3. You must send the original complaint and one copy to the Clerk of the District Court.

4. You must pay an initial fee of $400 (including a $350 filing fee and a $50 administrative fee). The complaint will not be considered filed until the Clerk receives the $400 fee or you are granted permission to proceed *in forma pauperis*.

5. If you cannot prepay the $400 fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth in the Court's form application to proceed *in forma pauperis*. See 28 U.S.C. § 1915; Local Civil Rule 3.3.

Rev. 10/20/2015

First Attachment Page of Defendants

(4) Mr. Richard Smotherman, Member of OPPB
(defendant)

(5) Mrs. Cathy Stocker, Member of OPPB
(defendant)

(6) Dr. Edward Konieczny, Member of OPPB
(Defendant)

(7) H. Calvin Prince III, Member of OPPB
(Defendant)

- If the court grants your request, the $50 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case.**

7. The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8. If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## COMPLAINT

I. **Jurisdiction is asserted pursuant to:**

   ✓ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

   ___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

   If you want to assert jurisdiction under different or additional statutes, list these below:

   _____
   _____
   _____

II. State whether you are a:

✓ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

___ Other (please explain) _____

III. Previous Federal Civil Actions or Appeals

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

    a. Parties to previous lawsuit:

        Plaintiff(s):_____

        Defendant(s):_____

        _____

    b. Court and docket number:_____

    c. Approximate date of filing:_____

    d. Issues raised: _____

        _____

        _____

    e. Disposition (for example: Did you win? Was the case dismissed? Was summary judgment entered against you? Is the case still pending? Did you appeal?): _____.

        _____

    f. Approximate date of disposition: _____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

Rev. 10/20/2015

4

IV. Parties to Current Lawsuit

State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

1. Plaintiff

    Name and any aliases: Bernard Crawford
    Address: O.S.R., P.O. Box 514, Granite, Oklahoma 73547

    Inmate No.: 117571

2. Defendant No. 1

    Name and official position: Regina Lawson, OPPB Parole Investigator, Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405
    Place of employment and/or residence: OKC, OK 73106

    OPPB Parole Investigator

    How is this person sued? ( ) official capacity, ( ) individual capacity, (✓) both

3. Defendant No. 2

    Name and official position: Steven Bickley, ~~John Doe~~, Executive Dir., Pardon and Parole Board

    Place of employment and/or residence: Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, OKC, OK 73106

    How is this person sued? ( ) official capacity, ( ) individual capacity, (✓) both

If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

5

IV Parties to current lawsuit continued

4. Defendant No. 3

Name and official position: T. Hastings Siegfried ~~Hon. Richard A. Miller~~, Chairman of Pardon and Parole Board

Place of employment and/or residence: Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, OK 73106

How is this person sued? (✗) official capacity, ( ) individual capicity, (✗) both

5. Defendant No. 4

Name and official position: Richard Smotherman, member of Pardon and Parole Board

Place of employment and/or residence: Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, OK 73106

How is this person sued? ( ) official capacity, ( ) individual capacity, (✗) both

6. Defendant No. 5

Name and official position: Mrs. Cathy Stocker, Member of Pardon and Parole Board

Place of employment and/or residence: Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, Oklahoma 73106

IV. Parties to current lawsuit continued

7. Defendant no. 6
Name and official position: Dr. Edward Konieczny, Member of Pardon and Parole Board
Place of employment and/or residence: Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, Oklahoma 73106
How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

8. Defendant no. 7
Name and official position: H. Calvin Prince III, Member of Pardon and Parole Board
Place of employment and/or residence: Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, Oklahoma 73106

V. **Cause of Action**

<u>Instructions</u>

1. *Provide a short and plain statement of each claim.*
   - Describe the facts that are the basis for your claim.
   - You can generally only sue defendants who were directly involved in harming you. Describe how each defendant violated your rights, giving dates and places.
   - Explain how you were hurt and the extent of your injuries.

2. *You are not required to cite case law.*
   - Describe the constitutional or statutory rights you believe the defendant(s) violated.
   - At this stage in the proceedings, you do not need to cite or discuss any case law.

3. *You are not required to attach exhibits.*
   - If you do attach exhibits, you should refer to the exhibits in the statement of your claim and explain why you included them.

4. *Be aware of the requirement that you exhaust prison grievance procedures* **before** *filing your lawsuit.*
   - If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. See 42 U.S.C. § 1997e(a).
   - Every claim you raise must be exhausted in the appropriate manner.

5. *Be aware of any statute of limitations.*
   - If you are suing about events that happened in the past, your case may be subject to dismissal under the statute of limitations. For example, for many civil rights claims, an action must be brought within two years from the date when the plaintiff knew or had reason to know of the injury that is the basis for the claim.

6. *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

- *If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.*

## Claims

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1. Claim 1:

    (1) List the right that you believe was violated:

    The Parole Investigator subjected the Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.

    (2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

    Regina Lawson, the Oklahoma Pardon and Parole Board Parole Investigator, is the only defendant to which Claim No. One is accused of violating his constitutional right under the color of the parole regimen of the Truth-In-Sentencing Act of 1997, which is state law, and its new policies

(3) List the supporting facts: Regina Lawson falsely reported that Plaintiff raped four different prison inmates while he was incarcerated in Oklahoma prisons and the four men had sought protective orders from ODOC to protective them from him. This information was provided to the parole board. Lawson also falsely reported that Plaintiff had 14 prior convictions. Lawson also falsely reported that he was caught with a knife and having sex with another inmate. He has two prior convictions. She reported that he had 14 prior convictions.

(4) Relief requested: (State briefly exactly what you want the court to do for you.) Injunction, Declaration, actual damages, and punitive damages

2. **Claim II:**

(1) List the right that you believe was violated: The parole board applied the Truth-In-Sentencing Parole Act guidelines to his parole eligibility instead of the Forgotten Man Act parole regime which increased the risk that Plaintiff would serve a longer period of incarceration in violation of the Ex Post Facto Clause of the U.S. Constitution.

(2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.) (1) Regina Lawson, Parole Investigator; (2) Steven Buckley, Executive Director of OPPB; (3) Hon. Richard A. Miller, Chairman, OPPB; (4) Richard Smotherman, Member of OPPB; (5) Mrs. Cathy Stocker, Member of OPPB; (6) Dr. Edward Konieczny, member of OPPB, and (7) Mr. H. Calvin Prince III, Member of OPPB.

10

<u>Listing the supporting facts to Claim 1 continued</u>

Plaintiff's retained counsel for commutation hearing discovered this false information compiled and reported by Regina Lawson. On August 2, 2022, Mrs. L. Smith, Case Manager, wrote Plaintiff in answer to a request to staff about the false information reported by Investigator Lawson, "This matter has been addressed. You should be receiving an Inmate Request from Parole Investigator."

In a deliberately indifferent disposition of her report to the Parole Board, Ms. Lawson rationalized, "As I explained to your unit manager on Thursday, September 28th on the phone, and was also explained to your lawyer on Thursday morning.. this was added to your report by mistake. Nobody on the board has seen this report as of yet and you have been placed on the next available docket (September 2022) so that your report could be corrected. We appreciate your bringing this to our attention." (Answer to Inmate Request to Parole Investigator).

Ms. Lawson falsely, recklessly, and brutally reported in her "Investigation Report," started by Melinda Romero," that Plaintiff had a total of 16 prior convictions. In truth, he only has two prior convictions: stealing over $150,00 (MSO) and in possession of stolen credit card.

Ms. Lawson converted Plaintiff's current plea agreement with the State of Oklahoma, which was one continuous criminal transaction (single) in which he received multiple concurrent sentences, most of which have been served and discharged.

Neither Plaintiff's case in chief nor his concurrent sentences now discharged were defined as violent under pre-1984 Oklahoma Law. Ms. Lawson recklessly applied a Oklahoma Constitutional amendment in 2012 including 57 O.S. § 571 and 21 O.S. § 13.1, which defined violent crimes retroactively to Okla. Constitution and prevented Parole board from granting parole outright to Plaintiff's non-violent-defined crimes committed before April 4, 1984. Lawson use Attorney General Opinion to define his crimes as violent.

10(A1)

listing the supporting facts to Claim I continued

Parole Investigator Regina Lawson was deliberately indifferent to her statutory duties and responsibilities under Forgotten Man Act Okla. Stat. tit. 57 §332.7(A) (1947) which required her that "[I]t shall be the duty of the Pardon and Parole Board to cause an examination to be made at the penal institution where the person is assigned, and to make inquiry into the conduct and the record of said person is assigned, and to make inquiry into the conduct and the record of said person during his custody in the Department of Correction, which shall be considered as a basis for consideration to the Governor for parole."

Instead of performing her statutory duties under the Forgotten Man Act, she recklessly implemented her own de facto laws, procedures, definitions, classifications outside the boundaries of the U.S. Constitution under the retroactive Truth-in-Sentencing Act, the Amended Constitutional provisions of the Parole laws that allowed her to define Plaintiff's crimes as violent under 21 O.S. §13.1 and 57 O.S. §571 (eff. 2012) by referendum. She also defined his crime as violent under 21 O.S. §571, 21 O.S. §13.1, Okla. Const., Article VI, Section 10, as amended by citizen Referendum in 2012; and she also defined his crimes as violent according to Attorney General Opinion No. 2012-13, all new punitive measures that increased the severity of his crimes and substantially increased the risk that he would serve a lengthier term of incarceration, entitling him to relief on his ex post facto claim and his cruel and unusual punishment claim under the 8ᵗʰ Amendment.

10(A2)

3. Claim III:

(1) List the right you believe was violated: Heck v. Humphrey, 512 U.S. 477 (1994) Does not bar Plaintiff's Section 1983 claims that challenge, on ex post facto grounds, the procedures and parole-eligibility standards that will be applied to him in future parole proceedings, and that seek only permanent injunctive and associated declaratory relief against state parole officials relating to conduct of future proceedings.

(2) List the defendant(s) to this claim: (If you have sued more than one defendant for this claim, specify each person or entity that is a defendant for this particular claim): "Regina Lawson, Parole Investigator; Steven Bickley (2) ~~Jean Doe~~, Executive Director of OPPB; (3) ~~Hon. Richard~~ Hastings ~~A. Miller~~, Chairman of OPPB; (4) Richard Smotherman, Member of OPPB; (5) Mrs. Cathy Stocker, Member of OPPB; (6) Dr. Edward Konieczny, member of OPPB, and (7) Mr. H. Calvin Prince III, member of OPPB

(3) List the supporting facts: The defendants all retroactively applied the 1997 Truth-In-Sentencing Act Parole Statute to his parole eligibility and suitability during his 2022 parole jacket review substantially increasing the risk that he would serve lengthier term of incarceration because the truth-in-sentencing Act was much more punitive than the merciful Forgotten Act because the only duty of the OPPB was to cause an examination to be made at the penal institution where the person is assigned and to make inquiry into his conduct and record while in custody

(4) Relief requested: (State briefly exactly what you want the court to do.) Declaration and injunction enshrined the Forgotten Man Act of 1947 amended 1981 to all Plaintiff's future parole hearing, including its entire statutory law, policies, procedures, rules absent any of the laws, procedures, policies, procedures, and standards of the Truth-in-Sentencing Act, including, personal appearance annual, 2-person parole delegation, no definition of crimes, no classification, categories, no victim notification, no victim impact, no victim parole protest.

10(B)

List of Supporting Facts Continued For Claim III

among other relevant evidentiary factors that substantially increase the risk of Plaintiff serving a longer period of incarceration under the retroactive Truth-In-Sentencing Act than under the Forgotten Man Act are the facts that the Forgotten Man Act only required for parole consideration an examination of his record and conduct while he was in fact incarcerated within the prison system and nothing else while the Truth-In-Sentencing Act required considerations that his crimes are defined as violent, in the highest crime category, deserve longer periods of incarceration because of the severity of a violent crime. It also required in addition to consideration of the Forgotten Man Act considerations of his juvenile record, prior criminal record, the number of prior arrests, prior criminal convictions, notification of victims, law enforcement agencies when one is to be considered for parole as well as whether or not a victim was old, mentally and physically impaired, victim impact statements, and the right of police and courts and victims to protest one's parole consideration, jacket reviews instead of personal appearances, jacket review every three years instead of annually and all of the implementation of the Truth-In-Sentencing parole regime of 1997 to the Plaintiff increasing the risk of a much longer period of incarceration in violation of the Ex Post Facto Clause of the Constitution.

Under the Forgotten Man Act, 1800-2000 people made parole annually. Under the Truth-In-Sentencing Act, only 300 people made parole for 24 years consecutively. Only 19% of the people eligible for parole consideration

10(C)

(3) List the supporting facts: The Forgotten Man Act Parole Regime was in place at the time Plaintiff committed his crimes. When Plaintiff went up for parole in September of 2022, the Parole Board applied the new Truth-In-Sentencing Parole regime to his parole eligibility. That increased the risk that he would serve a longer term of incarceration because of the much more harsher laws and rules of the new laws that did not exist under the Forgotten Man Act.

(4) Relief requested: (State briefly exactly what you want the court to do for you.) A Declaration declaring that the Truth-In-Sentencing Act violates the Ex Post Facto Clause as applied to him and that the Ex Post Facto Clause requires that his parole consideration and eligibility must be conducted under the terms of the Forgotten Man Act of 1947, also an injunction that his parole eligibility and consideration always be considered under the laws, procedures, policies and rules of the Forgotten Man Act & Injunction.

If there are more than two claims that you wish to assert, describe the additional claims using this same format on a separate sheet(s).

## VI. Declarations

I declare under penalty of perjury that the foregoing is true and correct.

_Bernard Crawford_  
Plaintiff's signature

_7/27/23_  
Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the _27_ day of _July_, 20_23_.

_Bernard Crawford_  
Plaintiff's signature

_7/27/23_  
Date

Rev. 10/20/2015

11