# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BERNARD CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-00668-PRW |
| | ) |
| REGINA LAWSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 6) and Plaintiff Crawford's Objections (Dkt. 7). For the reasons given below, the Court **ADOPTS** Magistrate Judge Erwin's Report and Recommendation in full and **DENIES AS MOOT** the remaining motions pending in this case (Dkts. 8, 9, 12).

Plaintiff Crawford, a *pro se* state prisoner serving a 115-year sentence for first-degree rape, filed this § 1983 action challenging the actions of various employees and members of the Oklahoma Pardon and Parole Board ("PPB"). Plaintiff's Complaint asserts an Eighth Amendment claim against Defendant Regina Lawson, a Parole Investigator for the PPB, and asserts two ex post facto claims against all Defendants. After reviewing the matter, Magistrate Judge Erwin recommended that the Court dismiss the Complaint. Plaintiff timely filed objections to the Report and Recommendation.

1

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] An objection is "proper" if it is both timely and specific.[2] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[3] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[4] The Court thus reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[5] And because Plaintiff is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[6]

Plaintiff raises only one specific objection, arguing that the Report and Recommendation erred by analyzing his ex post facto claims in the habeas corpus context. Interpreting Plaintiff's objection liberally, he argues that the Report and Recommendation wrongly relied on *Henderson v. Scott*,[7] which involved an appeal from the denial of a habeas petition, when considering his ex post facto claims brought under § 1983. But *Henderson*'s relevant holding—*i.e.*, that Okla. Stat. tit. 57, § 332.7 does not facially violate

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *Id.*

[4] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[5] *Id.*

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] 260 F.3d 1213 (10th Cir. 2001).

the Ex Post Facto Clause[8]—is not unique to the habeas corpus context, and the Tenth Circuit has applied that holding to § 1983 cases in several unpublished decisions.[9] Plaintiff's remaining objections fail to point to specific errors in the Report and Recommendation.

For the foregoing reasons, the Court agrees with Magistrate Judge Erwin's analysis and conclusions. The Court thus **ADOPTS** the Report and Recommendation (Dkt. 6) in full, **DISMISSES** the case without prejudice, and **DENIES AS MOOT** the remaining motions pending in this case (Dkts. 8, 9, 12).

**IT IS SO ORDERED** this 25th day of July 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[8] *Id.* at 1217.

[9] *Maynard v. Fallin*, 564 Fed. App'x 943, 948 (10th Cir. 2014); *Koch v. Daniels*, 296 Fed. App'x 621, 626 (10th Cir. 2008); *Seegars v. Ward*, 124 Fed. App'x 637, 639 (10th Cir. 2005). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.